No. 70.—D. H. WILLIAMS v. D. B. DOUGLASS, Sheriff, et al.

A writ of injunction issued by the clerk of the District Court before the adoption of the Constitution of 1868, did not become void on the adoption of the constitution. Article 150 of the constitution continued the laws in force in relation to the duties of officers until the organization of the government under the constitution, although contrary to it.

An agent of an absentee holding a general power of attorney is competent to make the necessary oath to obtain a writ of injunction on behalf of his principal.

The motion to dissolve the injunction on the ground that the allegations in the petition are not true, must be referred to the merits.

A party applying for an injunction need not allege technically that "he will be injured."

APPEAL from the Twelfth District Court of the parish of Morehouse. *Crawford*, J. *D. C. Morgan*, for plaintiff and appellant. *Morrison & Farmer*, for defendants and appellees.

LUDELING, C. J. On the twenty-first day of April, 1866, Warren & Crawford obtained an order of seizure and sale against the property of D. H. Williams, an absentee, and they were proceeding to sell said property when the plaintiff in this suit obtained a writ of injunction to prevent the sale.

The defendant moved to dissolve the injunction, with damages, on several grounds. We will notice only those insisted on in this court, in their order.

*First*—That the injunction was granted by the clerk of the District Court, who was prohibited by the Constitution of 1868 from exercising judicial functions. The writ was issued on the sixth day of June, 1868, anterior to the organization of the government under the constitution of 1868. And by the one hundred and fiftieth article of said constitution, the laws in relation to the duties of officers remained in force until the organization of the government under it, although contrary to the provisions of the constitution.

*Second*—That the agent was not authorized to make the affidavit.

The affidavit was made by D. C. Morgan, one of the attorneys-at-law, who signed the petition for the injunction, and the agent of the plaintiff. The affidavit states these facts. The power of attorney declares that D. H. Williams, of the county of Navarro, State of Texas, has made constituted and appointed D. C. Morgan his agent and attorney in fact in the State of Louisiana *to represent him fully in all matters wherein he is interested*, and he specially empowers him to do all the acts of ownership specified in article 2966 of the Civil Code.

We think the power of attorney authorized the agent to make the affidavit.

The fourth and fifth grounds are that the allegations of the petition for injunction are not true. They should have been referred to the merits.

*Sixth*—The sixth objection is that the plaintiff does not allege that he will be injured. This is not sacramental.

He avers that the note, which is the basis of the order of seizure and sale is prescribed. It is manifest therefore that he will be injured if his property be sold to pay a debt which has been extinguished.

The motion to dissolve the injunction should have been overruled.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, that the motion to dissolve the injunction be refused, and that this case be remanded to be proceeded with according to law. It is further ordered that the appellees pay the costs of appeal.